# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL KELLOGG,** on behalf of himself and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL MILLS, INC.,**<br><br>**Defendant.** | Case No.: 14-CV-939 YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER PROCEEDINGS** |

Defendant General Mills, Inc. has filed a Motion to Dismiss or, Alternatively, Transfer this action. (Dkt. No. 12.) General Mills seeks to transfer the action to the United States District Court for the District of New Jersey, pursuant to the "first-to-file" rule of federal comity.

Having carefully considered the parties briefs in support of and in opposition to the motion, and Plaintiff's Notice of Recent Decision filed May 8, 2014 (Dkt. No. 30), and for the reasons stated herein, the Court Orders that the Motion is **GRANTED**.

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir.1982); *Alltrade, Inc. v. Uniweld Prods. Inc.,* 946 F.2d 622, 628 (9th Cir.1991) (first-to-file rule is discretionary). The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D.Cal.2006) (citing *Pacesetter,* 678 F.2d at 94–95). The

rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). Courts generally consider three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade,* 946 F.2d at 625.

The instant action is essentially identical to the three consolidated lawsuits entitled *In re General Mills, Inc. Kix Cereal Litigation* ("*Kix Cereal Litigation*") that have been pending for over two years in the United States District Court, District of New Jersey. Here, as in the *Kix Cereal Litigation*, the named plaintiff alleges that consumers were misled by the statement "natural" on the label of Defendant General Mills' Kix cereals because Kix cereal is allegedly grown from bioengineered seeds referred to as "genetically modified organisms" or "GMOs." One of the three consolidated actions was brought by a California resident named plaintiff and alleges claims under the California Unfair Competition Law ("UCL") (Cal. Bus & Prof. Code §§ 17200 *et seq*.), the California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500 *et seq*.), the California Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 *et seq*.), breach of express and implied warranties, and unjust enrichment. All three consolidated actions purport to represent a nationwide class of consumers, such that the class alleged here would be substantially similar to the class alleged in the *Kix Cereal Litigation*.

Plaintiff's opposition to transfer or dismiss focuses less on the first-to-file factors[1] than the equities of a transfer to the Third Circuit. Plaintiff, citing *Carrera v. Bayer Corp.,* 727 F.3d 300 (3d Cir. 2013), argues that the Third Circuit has imposed an ascertainability standard that would "eviscerate low purchase price consumer class actions" when there are not sufficient purchase

---

[1] In the *Kix Cereal Litigation*, General Mills moved to stay the litigation pending referral to the Food and Drug Administration ("FDA") for an administrative determination on whether bioengineered products may be labeled as "natural," which the District of New Jersey granted. Plaintiff argued in opposition to the motion that, at the time he filed the litigation here, there was no "pending case" in New Jersey since it had been had been "administratively dismissed" in connection with the stay. However, the FDA declined to accept the referrals and the *Kix Cereal Litigation* has since been restored to the active docket. There was never any dispute that the New Jersey consolidated action met the other first-to-file factors.

records or receipts for the class of consumers, a standard Plaintiff argues is contrary to California's "strong public policy" to "protect consumers against unfair and deceptive business practices." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *America Online, Inc. v. Superior Court of Alameda Count*, 90 Cal.App.4th 1, 15 (2001)).

This Court is not in a position to say that the Third Circuit and district courts within it impose unique class certification burdens at odds with the standards applied in the Ninth Circuit, such that a transfer of this action to a court within the Third Circuit would be inequitable. Indeed, a number of courts within this district have denied class certification in similar consumer class action litigation for the same reasons as those stated in the *Carrera* decision. *Compare Carrera,* 727 F.3d 300 (vacating class certification where trial court had not considered whether plaintiff met its been on the ascertainability element of class certification), with *Bruton v. Gerber Products Co.*, 12-CV-02412-LHK, 2014 WL 2860995 (N.D. Cal. June 23, 2014) (applying ascertainability requirement and denying class certification, in part, for lack of showing on that factor); *Jones v. ConAgra Foods, Inc.*, C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014); *Astiana v. Ben & Jerry's*, No. 10-cv-4387 PJH, 2014 WL 60097, at *3-4 (N.D. Cal. Jan. 7, 2014); *Xavier v. Philip Morris USA, Inc.,* 787 F.Supp.2d 1075, 1088–90 (N.D.Cal.2011) 10-cv-2067 WHA. The Court does not find these arguments for denial of a transfer to be persuasive.

Based on the foregoing, the Court finds that this action should be transferred to the District of New Jersey based upon the first-to-file doctrine and its attendant considerations of judicial economy and efficiency. Defendant's Motion to Transfer is **GRANTED**. The motion in the alternative to dismiss is denied as moot. The Clerk of Court shall transfer the file in this action to the United States District Court for the District of New Jersey.

This Order terminates Dkt. No. 12.

**IT IS SO ORDERED**.

Date: September 4, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**